**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF ALABAMA

Case number *(if known)* _____   Chapter __11__

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/25**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Zeep Incorporated** |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **26-2593160** |

**4.** **Debtor's address**

**Principal place of business**

**12912 Hill Country Blvd.**
**Suite F234**
**Austin, TX 78738**
Number, Street, City, State & ZIP Code

**Travis**
County

**Mailing address, if different from principal place of business**

**P.O. Box 94**
**Waelder, TX 78959**
P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**
**Industrial Road & Mitsubishi Lane Theodore, AL 36582**
Number, Street, City, State & ZIP Code

**5.** **Debtor's website** (URL)    **zeep.com**

**6.** **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A)* with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

| Debtor | **Zeep Incorporated** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | | Relationship | |
| District | | When | Case number, if known |

---

**11. Why is the case filed in *this district?***

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

. *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ■ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| | |
|---|---|
| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **March 10, 2026**
             MM / DD / YYYY

*X* **/s/ Ronald Oligney**                  **Ronald Oligney**

    Signature of authorized representative of debtor            Printed name

Title    **President and Managing Director**

**18. Signature of attorney**

*X* **/s/ Richard Gaal**                   Date   **March 10, 2026**

    Signature of attorney for debtor                       MM / DD / YYYY

**Richard Gaal**
Printed name

**Jones Walker LLP**
Firm name

**Suite 1200**
**11 N Water Street**
**Mobile, AL 36602**
Number, Street, City, State & ZIP Code

Contact phone    **2514321414**       Email address    **rgaal@joneswalker.com**

**ASB-3999-A58R AL**
Bar number and State

ZEEP INCORPORATED

**ACTION BY UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS**

March 10, 2026

Pursuant to Section 3.12 of the Amended and Restated Bylaws of ZEEP Incorporated, a Delaware corporation (the "Corporation"), the undersigned, constituting all of the members of the Board of Directors of the Corporation (the "Board"), hereby adopt the resolutions set forth on Annex A hereto to the same extent, and intending for them to have the same force and effect, as if they were adopted by unanimous vote at a meeting of the Board duly called and held for the purpose of adopting such resolutions.

This Action by Unanimous Written Consent may be executed with one or more counterpart signature pages or by means of one or more electronic transmissions, all of which collectively form one instrument.

**/s/ Ronald E. Oligney**

_____

Ronald E. Oligney

**/s/ Jennifer D. Whitley**

_____

Jennifer D. Whitley

**/s/ Tim H. Nesler**

_____

Tim H. Nesler

<u>ANNEX A</u>

<u>Recitals</u>

**WHEREAS**, the Board has reviewed and considered the financial condition of ZEEP and the alternatives available to it;

**WHEREAS**, the Board has determined that ZEEP is experiencing financial difficulties and that it is advisable and in the best interests of ZEEP, its shareholders, creditors, and other stakeholders for ZEEP to seek relief under the provisions of Title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS,** the Board has considered the strategic alternatives available to ZEEP, including potential restructuring or liquidation options both inside and outside of bankruptcy;

**WHEREA**S, the Board has determined that commencing a case under Chapter 11 of the Bankruptcy Code will allow ZEEP to pursue an orderly restructuring or other disposition of its assets and business under the supervision of the United States Bankruptcy Court;

**WHEREAS**, the Board acknowledges that ZEEP may ultimately determine that conversion of such case to a case under Chapter 7 of the Bankruptcy Code is in the best interests of ZEEP and its stakeholders, depending on the circumstances that arise during the bankruptcy proceedings; and

**WHEREAS**, the Board desires to authorize the appropriate officers of ZEEP to take all actions necessary or appropriate to commence and prosecute a bankruptcy case.

<u>Authorization of Bankruptcy Filing</u>

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board it is desirable and in the best interests of ZEEP, its creditors, shareholders, and other parties in interest that ZEEP is authorized to file a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") in the United States Bankruptcy Court for the appropriate jurisdiction;

<u>Authorization of Officers</u>

**RESOLVED FURTHER**, that Ronald E. Oligney is authorized and directed, in the name and on behalf of ZEEP, to (a) prepare, execute, verify, and file a voluntary petition under Chapter 11 of the Bankruptcy Code, (b) prepare, execute, and file any schedules, statements of financial affairs, lists, affidavits, pleadings, motions, applications, declarations, and other documents required or appropriate in connection with the Chapter 11 Case, (c) take any actions necessary or advisable to prosecute the Chapter 11 Case and administer ZEEP's affairs as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code, and (d) seek relief from the Bankruptcy Court

that Mr. Oligney determines to be necessary or appropriate to carry out the purposes of the Chapter 11 Case;

<u>Authority to Retain Professionals</u>

RESOLVED FURTHER, that Mr. Oligney is authorized and directed to retain and employ legal counsel, financial advisors, restructuring advisors, investment bankers, accountants, claims agents, and other professionals as may be necessary or appropriate in connection with the Chapter 11 Case, subject to approval by the Bankruptcy Court where required;

<u>Authority to Execute Documents</u>

RESOLVED FURTHER, that Mr. Oligney is authorized and directed to (a) execute and deliver all agreements, certificates, instruments, and other documents, and (b) take any further actions that Mr. Oligney determines to be necessary or advisable to carry out the intent and purposes of these resolutions, including the negotiation and execution of debtor-in-possession financing, cash collateral arrangements, asset sales, settlements, and other transactions, subject to Bankruptcy Court approval where required;

<u>General</u>

RESOLVED FURTHER, that any officer of ZEEP is authorized and empowered, in the name of and on behalf of ZEEP, to execute, deliver and perform such further documents and take such further actions as may be necessary or advisable to effectuate any of the foregoing resolutions, and any action heretofore or hereafter taken by any officers in furtherance of the objectives set forth in any of the preceding resolutions, and all transactions relating thereto, are hereby ratified, confirmed and approved in all respects; and

RESOLVED FURTHER, that this written consent may be executed in separate counterparts, each of which shall be deemed an original and all of which together will constitute the same written consent. Delivery by telecopier or electronic mail of an executed counterpart of this written consent shall be effective as delivery of a manually executed counterpart.